UNITED STATES ex rel. CHIN THYN v. LOISEL, U. S. Marshal. *

Circuit Court of Appeals, Fifth Circuit.
April 4, 1928.

No. 5073.

Aliens ⬤═32(13)—Order deporting Chinese alien held not superseded by appeal not timely taken.

Order of deportation of Chinese alien is not superseded by appeal not taken in time to give the court jurisdiction.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Habeas Corpus. Petition by the United States on relation of Chin Thyn against Victor Loisel, United States Marshal. Decree denying the writ, and petitioner appeals. Affirmed.

Hugh S. Suthon, of New Orleans, La., for appellant.

Wayne G. Borah, U. S. Atty., and Edmond E. Talbot, Asst. U. S. Atty., both of New Orleans, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant, a Chinese person, was ordered deported by a United States commissioner on September 1, 1916. On October 2, 1916, he took an appeal to the District Court, and was enlarged on bond. A motion was filed on behalf of the United States, to dismiss the appeal for want of jurisdiction, on the ground that it was not taken in time. For some reason not disclosed, the matter rested until May 27, 1922, without action of any kind, and on that day a rule issued ordering appellant to show cause why the appeal should not be dismissed. Service of the rule was made on appellant's attorney of record, and he answered setting up that appellant was out of the jurisdiction of the court, that he did not know his whereabouts, and that he had no objection to the dismissal of the appeal. On June 17, 1922, the appeal was dismissed by the District Court. Nothing further was done until August 9, 1926, when appellee took appellant into custody under the warrant of deportation, and confined him in the House of Detention in New Orleans. Appellant then sued out a writ of habeas corpus on the ground that the warrant of deportation issued by the commissioner became null and void, and was vacated by the appeal, and that no order of deportation had been issued by the District Court. From an adverse decision on the

*Rehearing denied May 25, 1928.

application for the writ of habeas corpus, this appeal is prosecuted.

It is useless to discuss the questions raised and argued on behalf of appellant. It is sufficient to say that the appeal from the order of the commissioner was not taken in time. Appellant had ten days in which to appeal from the order of the commissioner (title 8, § 282, USCA), and did not do so. The District Court was without jurisdiction to entertain the appeal, and the dismissal left the order of the commissioner in full force and effect.

Affirmed.